■ In the Matter of ROBERT A. IOVINO, Petitioner, v RAYMOND P. MARTINEZ, as Commissioner of the New York State Department of Motor Vehicles, et al., Respondents. [835 NYS2d 36]—

Determination after hearing by respondent Appeals Board, dated May 31, 2005, which revoked petitioner's driver's license, unanimously confirmed, the petition denied, and this CPLR article 78 proceeding (transferred to this Court by order of the Supreme Court, New York County [Alice Schlesinger, J.], entered March 6, 2006) dismissed, without costs.

Respondent's determination that petitioner, a New York City police captain, refused to consent to a chemical test to determine his blood alcohol level after being clearly warned of the consequences of such a refusal, is supported by substantial evidence (CPLR 7803 [4]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). The Administrative Law Judge was free to accept the testimony of the arresting officer as to petitioner's apparent intoxication and to reject the testimony of the other officers (*Matter of Soto v New York State Dept. of Motor Vehs.*, 203 AD2d 370 [1994]). In the face of such conflicting evidence, we are not permitted to weigh the evidence or reject the administrative agency's determination of credibility (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]), and in any event, we see no reason to do so here.

Petitioner's remaining objection is without merit, as his refusal clearly took place within two hours of his arrest (Vehicle and Traffic Law § 1194 [2] [a] [1]). Concur—Mazzarelli, J.P., Andrias, Friedman, McGuire and Malone, JJ.